



HOKOJITSUGYO CO LTD

WHITAKER INVESTMENT

BAR   11/19/97   10:23
3:96-CV-01594
*141*
*P/A.*

ORIGINAL

FILED

NOV 18 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

1  TURNER & MAASCH
     John M. Turner (#80769)
2  501 West Broadway, Suite 1650
   San Diego, CA  92101
3  (619) 237-1212

4  Attorneys for Third Party Defendants Page, Tucker & Brooks and
   Page, Tucker, Brooks & Busch (properly identified as Page,
5  Polin, Busch & Boatwright, APC

6                    UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8  HOKOJITSUGYO, CO., LTD.,        )   Case No.  96-1594 (LEW) MAN
             Plaintiff,            )
9       v.                         )   THIRD PARTY DEFENDANTS
                                   )   PAGE, TUCKER & BROOKS AND
10 WHITAKER INVESTMENT             )   PAGE, TUCKER, BROOKS &
   CORPORATION AND DANIEL M.       )   BUSCH'S MEMORANDUM OF
11 WHITAKER,                       )   POINTS & AUTHORITIES IN
             Defendants.           )   SUPPORT OF MOTIONS: (1) TO
12 _____ )   DISMISS FIRST AMENDED THIRD
                                   )   PARTY COMPLAINT, F.R.C.P.
13 WHITAKER INVESTMENT CORPORA-    )   RULES 12(b)(1)(2)(6),
   TION, a corporation, and        )   14(a), 13(h); (2) TO
14 DANIEL M. WHITAKER, an          )   DISMISS FIRST AMENDED THIRD
   individual,                     )   PARTY COMPLAINT, F.R.C.P.
15      Third Party Plaintiff,     )   RULE 12(b)(6); IN THE
                                   )   ALTERNATIVE, (3) FOR MORE
16      v.                         )   DEFINITE STATEMENT F.R.C.P.
                                   )   RULE 12(e) AND (4) TO
17 STERNBERG, EGGERS, KIDDER &     )   STRIKE F.R.C.P. 12(f)
   FOX, a professional corpora-    )
18 tion;  JEROME E. EGGERS; JAMES  )   DATE: December 15, 1997
   HENRY FOX; DONALD L. KIDDER;    )   TIME: 9:00 a.m.
19 MICHAEL B. POYNOR, F. GREGORY   )   JUDGE: Laughlin Waters
   PIKE, RAND K. SHOTWELL, L. T.   )   TRIAL DATE:  None
20 DOUGHERTY; R. GENE STEIN-       )
   ECKERT; JAMES R. STERNBERG;     )   [Telephonic Conference Call
21 PAGE, TUCKER & BROOKS, a        )   ruling]
   general partnership; PAGE,      )
22 TUCKER, BROOKS AND BUSCH, a     )
   general partnership; RICHARD    )
23 PAGE, individually and as a     )
   professional corporation;       )
24 WILLIAM J. TUCKER, individu-    )
   ally and as a professional      )
25 corporation; RUEBEN B. BROOKS,  )
   individually and as a profess-  )
26 ional corporation; MICHAEL E.   )
   BUSCH, individually and as a    )
27 professional corporation; and   )
   ROBERT K. EDMUNDS, individu-    )
28 ally and as a professional      )
   corporation,                    )
        Third Party Defendants.    )
   _____ )

141

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . | | i |
| TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . | | ii |
| I. | INTRODUCTION . . . . . . . . . . . . . . . . . . | 1 |
|  | Summary of Factual Background . . . . . . . . . | 4 |
| II. | RULE 12 AUTHORIZES THE COURT TO GRANT THE MOTIONS TO DISMISS, AND ALTERNATIVELY FOR MORE DEFINITE STATEMENT . . . . . . . . . . . . . . . | 7 |
| III. | THE ENTIRE FIRST AMENDED THIRD PARTY COMPLAINT FAILS TO QUALIFY AS A PROPER CLAIM UNDER F.R.C.P RULE 14(a) AND FAILS TO QUALIFY FOR FEDERAL JURISDICTION AS A CLAIM UNDER F.R.C.P RULE 13(h) . . . . . . . . . . . . . . . . . . . . . | 8 |
| IV. | THE FIRST AMENDED THIRD PARTY COMPLAINT FAILS TO STATE A VALID CLAIM FOR "INDEMNITY" AND MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . | 14 |
| V. | IF NO DISMISSAL, THEN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT MUST BE GRANTED . . . . . | 19 |
| VI. | THE FIRST AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN A NECESSARY PARTY. . . . . . . . . . . . . . . . . . . . . | 20 |
| VII. | THE IMMATERIAL STATEMENTS IN PARAGRAPHS 21 AND 26 SHOULD BE STRICKEN. . . . . . . . . . . . . . | 20 |
| VIII. | CONCLUSION . . . . . . . . . . . . . . . . . . | 21 |

# TABLE OF AUTHORITIES

Page

**Federal Cases**

Gemtel Corp. v. Community Redevelopment Agency
of City of Los Angeles (9th Cir.(Cal.),
May 10, 1994) 23 F.3d 1542 . . . . . . . . . . . . . . 19

General American Life Ins. Co. v. Rana (N.D.Cal.,
Jun 27, 1991) 769 F.Supp. 1121 . . . . . . . . . . . . 13

Kim v. Fujikawa (9th Cir. (Hawaii), Mar 29, 1989)
871 F.2d 1427 . . . . . . . . . . . . . . . . . . . . 18

Remington Investments, Inc. v. Kadenacy (C.D.Cal.,
Apr 23, 1996) 930 F.Supp. 446 . . . . . . . . . . . . 16

Stewart v. American Intern. Oil & Gas Co. (9th Cir. (Cal.),
845 F.2d 196 (1988) . . . . . . . . . . . . . . . . . 11

Wickland Oil Terminals v. Asarco, Inc. (9th Cir.(Cal.),
June 20, 1986) 792 F.2d 887 . . . . . . . . . . . . . 19

**State Cases**

City of San Diego v. U.S. Gypsum Co.,
30 Cal.App.4th 575 (1994) . . . . . . . . . . . . . . 17

Maryland Cas. Co. v. Bailey & Sons, Inc.,
35 Cal.App.4th    856 (1995) . . . . . . . . . . . . 16

Ranchwood Communities Ltd. Partnership v. Jim Beat
Const. Co.,
49 Cal.App.4th 1397 (1996) . . . . . . . . . . . . . . 18

**Statutes**

California Civil Code
Section 2778 . . . . . . . . . . . . . . . . . . . . . 18

Federal Rules of Civil Procedure
Rule 12(e) . . . . . . . . . . . . . . . . . . . 19, 21
Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . 21
Rule 12(b)(2) . . . . . . . . . . . . . . . . . . . . 21
Rule 12(b)(6) . . . . . . . . . . . . . 7, 9, 15, 20, 21
Rule 12(f) . . . . . . . . . . . . . . . . . . 3, 20, 22
Rule 13(h) . . . . . . . . . . . . . . . . . . . . 9, 20
Rule 14 . . . . . . . . . . . . . . . . . . . . . . . . 2
Rule 14(a) . . . . . . . . . . . 8-10, 12, 13, 15, 18, 20
Rule 15 . . . . . . . . . . . . . . . . . . . . . . . . 4

# I.

## INTRODUCTION

### *Reasons For Granting Motion To Dismiss*

1.     Daniel M. Whitaker ("Whitaker"), as an individual Third Party Plaintiff, has failed to plead any facts which entitle him as an individual to collect rents or to enforce the purported guaranty from any of the Third Party Defendants (law firms and/or individuals), or to obtain indemnity, to be given damages based on depletion of the lease "guaranty fund," or to seek .any legitimate "declaration" of rights against anyone. Whitaker was named as an individual in the underlying complaint based upon allegations related to "alter ego" and "piercing the corporate veil" as to entities in which he was/is involved. Whitaker, as an individual, does not allege in the Third Party Complaint that he is the alter ego of the business entities with which he was/is involved, and states no factual claim for relief of any kind against any of the Third Party Defendants.

2.     Whitaker Investment Corporation (hereinafter "WIC") claims to have been assigned the right to collect rents and enforce the purported guaranties (apparently from Three Fifty Ash, LTD.), yet WIC admits to signing the Master Lease with plaintiff Hokojitsugyo, Co., LTD. (hereinafter "Hoko") which contains paragraph 14 (Exhibit A at p. A-41, "Article Fourteen," First Amended Complaint in <u>Hoko v. WIC</u>) whereby WIC assigns to Hoko the rights to collect rents and all other related rights (presumably any rights to enforce the purported guaranties if those rights were assigned as WIC alleges). WIC pleads no facts which show it did not assign away its rights to Hoko under

paragraph 14 and pleads no facts showing that Hoko cannot claim to collect rents and guarantee payments and sue in its own name, and fails to plead any facts showing that only WIC can make and enforce such claims against the Third Party Defendants.

3.   WIC fails to plead any facts which show it has any standing to claim indemnity arising under any contract or by tort claims against any of the Third Party Defendants. Such indemnity claims are not "ripe" for adjudication because WIC fails to claim that it either paid a financial settlement to Hoko or has been adjudicated as being liable to Hoko for money damages.

4.   WIC has failed to plead any facts which support the First Amended Third Party Complaint under the requirements of F.R.C.P. Rule 14 requiring that the liability of the Third Party Defendants claimed under the First Amended Third Party Complaint must be contingent upon whether their liability is shown in the underlying complaint filed by Hoko against WIC and Whitaker concerning breaches by WIC of the WIC-Hoko Master Lease and breaches by Whitaker under the Whitaker-WIC sublease.  None of the third party defendants was a party to these two agreements, and no such facts are pled.

5.   WIC has failed to plead any facts showing that the underlying complaint of Hoko v. WIC  claims any damages or liabilities arising out of the lease "Guaranty Fund." There can be no third party action allowed under F.R.C.P. Rule 14 based on damage claims based on this Master Lease Guaranty Fund because the Fund is not at issue in the underlying action in Hoko v. WIC, and thus cannot be made an issue in the First Amended Third Party Complaint.

6. WIC has failed to plead any facts to justify declaratory relief for indemnity claims because those claims are not "ripe." Furthermore, in the WIC-Hoko Master Lease Agreement at paragraph 14 (Exhibit A at p. A-41, "Article Fourteen," First Amended Complaint in Hoko v. WIC) WIC assigns all of its rights (rent collection and any other related rights) to Hoko which is allowed to sue in its own name. No facts are pled by WIC showing that WIC did not in fact assign away those rights to Hoko, and that WIC (not Hoko) is entitled to sue the third party defendants for unpaid rent and enforcement on the alleged personal guaranties.

7. Paragraph 21 of the First Amended Third Party Complaint defines Michael E. Busch, APC and Richard W. Page, APC as part of the "Page Group." However, Michael E. Busch, APC and Richard W. Page, APC ceased to exist on December 31, 1993 when they were merged into a single professional corporation known as Page, Polin, Busch & Boatwright, APC. This portion of paragraph 21 is immaterial and subject to a motion to strike under F.R.C.P. Rule 12(f).

8. The effect of the merger of professional corporations effective December 31, 1993 into a single professional corporation named Page, Polin, Busch & Boatwright, APC was to make that single professional corporation the proper party to be named in any dispute regarding the continuing obligation of Page, Tucker & Brooks or Page, Tucker, Brooks & Busch. Therefore, Plaintiffs have failed to name a necessary party under F.R.C.P., Rule 19.

/ / /

9.   Paragraph 26 of the First Amended Third Party Complaint contains allegations regarding the existence of an action pending in the San Diego Superior Court entitled Hokojitsugyo Co., Ltd. v. [Page & Busch], Case No. 711632.   The case has been dismissed and is no longer pending.   This portion of paragraph 26 is immaterial and subject to a motion to strike under F.R.C.P. Rule 12(f).

## Summary Of Factual Background

In response to Rule 12 motions filed by other Third Party Defendants, Third Party Plaintiffs filed a "First Amended Third Party Complaint" dated September 18, 1997 without leave of court as allowed by F.R.C.P. Rule 15.   Despite the additional verbiage added to the First Amended Third Party Complaint, the defects from the original Complaint still remain.

Defendants WIC and Whitaker are being sued by Plaintiff Hoko for WIC's breach of a Master Lease (dated September 28, 1989) of an office building at 350 West Ash Street in downtown San Diego, California (lease attached as Exhibit A to Complaint in Hoko v. WIC et al. No. 96-1594 (BTM) LSP), hereinafter "Hoko v. WIC") and for Whitaker's breach of a sublease (dated August 7, 1989) between WIC and Whitaker (sublease attached as Exhibit B to complaint in Hoko v. WIC).

Hoko claims the right to enforce and collect on the WIC-Whitaker sublease pursuant to an assignment of rents clause in the WIC-Hoko Master Lease, (see paragraph 20 of complaint and Exhibit A at p. A-41 paragraph 14, in Hoko v. WIC).   Presumably, Hoko claims the right to collect rent on a separate lease (dated June 15, 1987 and amended on October 26, 1987 and February 1,

1   1989) between "Three-Fifty Ash, LTD, A California Limited

2   Partnership" and third party defendant law firm "Page, Tucker &

3   Brooks" (see Hoko's complaint at p. 2, lines 23-27, paragraph 7,

4   and attached lease as Exhibit A, with amendments to lease

5   attached as Exhibits B and to Complaint, in affiliated "low

6   number rule" case of Hoko v. Page, Tucker & Brooks, et al., No.

7   97-1016LEW (MAN), hereinafter "Hoko v. Page"). The law firms

8   Page, Tucker & Brooks; its successor, Page, Tucker, Brooks &

9   Busch; its successor, Page, Polin, Busch & Boatwright and the

10   merged professional corporation, Page, Polin, Busch & Boatwright,

11   APC, are collectively referred to as the "Page Firm" or, for

12   purposes of this Motion, the "Third Party Defendants".

13   In Hoko v. Page, Hoko also seeks to enforce a purported

14   guaranty (signed on or about September 22, 1987) of the alleged

15   Page Firm lease against each of the five individually named

16   former shareholders of the professional corporations which were

17   partners in the Page Firm (see Hoko's Complaint, p. 4 paragraph

18   11, and purported guaranty at Exhibit D, in Hoko v. Page). In

19   Hoko v. Page, Hoko seeks no relief against either WIC or

20   Whitaker. Each of these separate written leases and the

21   purported guaranty were separate documents with different dates

22   spread out over more than two years, and thus were not part of

23   one single transaction.

24   Nowhere in the underlying complaints in Hoko v. WIC or in

25   Hoko v. Page are there any allegations that either the Page Firm

26   or the five named individuals entered into any specific

27   contractual relationship with either WIC or with Whitaker as an

28   individual. In both lawsuits, Hoko clearly presents different

1  plead no facts which overcome WIC's specific assignment of all

2  rights relating to the Page lease to Hoko which include the right

3  of Hoko to sue in its own name for all claims arising under the

4  lease (see Exhibit A-41, Article Fourteen assignment of rents,

5  Complaint in Hoko v. WIC).

6      Neither WIC or Whitaker allege any facts showing standing to

7  sue for "indemnity" because they fail to plead they have been

8  financially damaged either by paying a settlement or by suffering

9  a court judgment for money damages entered against them. Neither

10 WIC or Whitaker claim any "federal question" or "diversity of

11 citizenship" between WIC-Whitaker and any of the third party

12 defendants, and they allege that both WIC-Whitaker and all third

13 party defendants are all California residents (see WIC-Whitaker's

14 First Amended Third Party Complaint in Hoko v. WIC, pp. 2-3,

15 paragraphs 1-12). As will be discussed below, the WIC-Whitaker

16 First Amended Third Party Complaint must now be dismissed under

17 F.R.C.P. Rule 12(b)(6) for failing to state a claim upon which

18 relief can be granted against the third party defendants.

19

20                              **II.**

21     **RULE 12 AUTHORIZES THE COURT TO GRANT THE MOTIONS TO
       DISMISS, AND ALTERNATIVELY FOR MORE DEFINITE STATEMENT.**

22     The rules governing these motions are found in the Federal

23 Rule of Civil Procedure, Rule 12, subsections (b), (e) and (f)

24 which read in pertinent part as follows:

25          (b) How Presented. Every defense, in law or fact, to
            a claim for relief in any pleading, whether a claim,
26          counterclaim, cross-claim, or third-party claim, shall
            be asserted in the responsive pleading thereto if one
27          is required, except that the following defenses may at
            the option of the pleader be **made by motion: . . . (1)**
28          **lack of jurisdiction over the subject matter, (2) lack
            of jurisdiction over the person, (6) failure to state**

1     **a claim upon which relief can be granted, . . . A**
     **motion making any of .these defenses shall be made**
2     **before pleading if a further pleading is. permitted.**

3     **(e) Motion for More Definite Statement.** If a pleading
to which a responsive pleading is permitted is **so vague**
4     **or ambiguous that a party cannot reasonably be required**
**to frame a responsive pleading,** the party may move for
5     a more definite statement before interposing a
responsive pleading. The motion shall point out the
6     defects complained of and the details desired. If the
motion is granted and the order of the court is not
7     obeyed within 10 days after notice of the order or .
within such other time as the court may fix, the court
8     may strike the pleading to which the motion was
directed or make such order as it deems just.

9

10     **(f) Motion to Strike.** Upon motion made by a party
before responding to a pleading or, if no responsive
pleading is permitted by these rules, upon motion made
11     by a party within 20 days after the service of the
pleading upon the party or upon the court's own
12     initiative at any time, the court may order stricken
from any pleading any insufficient defense or any
13     redundant, immaterial, impertinent, or scandalous
matter.

14

15                                **III.**

16 **THE ENTIRE FIRST AMENDED THIRD PARTY COMPLAINT FAILS TO QUALIFY**
**AS A PROPER CLAIM UNDER F.R.C.P RULE 14(a) AND FAILS TO QUALIFY**
17 **FOR FEDERAL JURISDICTION AS A CLAIM UNDER F.R.C.P RULE 13(h).**

18     For purposes of this motion, F.R.C.P. Rule 14(a) governs and

19 limits the ability of a defendant to bring in a third party by

20 way of filing a Third Party Complaint:

21     **Rule 14. Third-Party Practice**

22     **(a) When Defendant May Bring in Third Party.** At any
time after commencement of the action a defending
23     party, as a third-party plaintiff, may cause a summons
and complaint to be served upon a person not a party to
24     the **action who is or may be liable to the third-party**
**plaintiff for all or part of the plaintiff's claim**
25     **against the third-party plaintiff.** The third-party
plaintiff need not obtain leave to make the service if
26     the third-party plaintiff files the third-party
complaint not later than 10 days after serving the
27     original answer. Otherwise the third-party plaintiff
must obtain leave on motion upon notice to all parties
28     to the action. **The person served** with the summons and
third-party complaint, hereinafter called the

third-party defendant, **shall make any defenses to the third-party plaintiff's claim as provided in Rule 12** and any counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13.

. . . . .

WIC's and Whitaker's "First Claim For Relief" in their First Amended Third Party Complaint (p. 9) seeks "indemnification" from the Page Firm and the five named individuals by alleging that if the Page Firm and the five named individuals had paid their law office rent to Hoko and/or honored their purported personal guaranty to Hoko (as claimed by Hoko in Hoko v. Page), then WIC and Whitaker would not have defaulted on the Master Lease and sublease to Hoko (leases attached to Hoko's Complaint as Exhibits A and B in Hoko v. WIC). F.R.C.P Rule 12(b)(6) requires dismissal of these claims for their failure to state a claim under F.R.C.P. Rules 14(a) and 13(h).

The WIC-Whitaker First Amended Third Party Complaint fails to meet the pleading burden under F.R.C.P. Rule 14(a) which requires a pleading showing that the Page Firm and the five named individuals either are *"or may be liable to the third-party plaintiff (WIC and Whitaker) for all or part of the plaintiff's (Hoko's) claim against the third-party plaintiff."* This test cannot be met because Hoko's claims against WIC and Whitaker are for breach of their Master Lease and sublease, and Hoko is not claiming any money damages from the Page Firm or the five named individuals as the result of WIC's and Whitaker's breach and default under their *Master Lease or sublease* (Exhibits A and B to Hoko v. WIC Complaint). A review of the WIC-Hoko Master Lease and the WIC-Whitaker sublease (Exhibits A and B to Hoko v. WIC

1 Complaint) shows that none of the five named individuals was a
2 signatory to the Master Lease, or owed money to Hoko or to WIC or
3 Whitaker under either the Master Lease or the Whitaker sublease.
4 The Hoko-WIC and WIC-Whitaker leases were separate from any of
5 the contractual obligations pled by Hoko against the Page Firm or
6 the five named individuals in Hoko v. Page.

7 Further, as Hoko alleges in Hoko v. WIC, WIC assigned the
8 right to any rents generated from any building subleases to Hoko
9 (presumably including the Page lease attached as Exhibit A to the
10 complaint in Hoko v. Page), and thus cannot now claim as a basis
11 for F.R.C.P. Rule 14(a) jurisdiction the right to receive money
12 from the Page Firm or any of the five named individuals under any
13 sublease (see paragraph 20, p. 7, lines 27-28, p. 8, lines 1-7,
14 and Exhibit A-41 at paragraph 14, of complaint in Hoko v.
15 Whitaker, et al. No. 96 1594 (BTM) LSP).)

16 WIC-Whitaker claim to be holders of the purported guaranty
17 by the five named individuals, yet they have failed to plead any
18 facts which overcome their assignment of all their lease
19 enforcement and related rights to Hoko (see Exhibit A-41 to
20 Complaint in Hoko v. WIC).

21 It is clear from the face of the pleadings in Hoko v. WIC
22 and Hoko v. Page that Hoko is pursuing the WIC Master Lease
23 default and the Whitaker sublease default as separate breaches of
24 contract transactions in Hoko v. WIC, which are different and
25 separate claims from those made under Hoko v. Page. These are
26 separate complaints with different parties, different written
27 contracts, and different legal theories of recovery. As can be
28 seen by looking at the written contracts at issue, the WIC-Hoko

1   Master Lease was dated September 28, 1989 (Exhibit A to Complaint

2   in _Hoko v. WIC_), the WIC-Whitaker sublease was dated August 7,

3   1989 (Exhibit B to Complaint in _Hoko v. WIC_, which has nothing to

4   do with the Page Firm or the five named individuals); whereas the

5   Page Firm office lease for the building to be built by the

6   building developer "Three-Fifty Ash" was dated June 15, 1997 and

7   amended on October 27, 1987 and on February 1, 1988 (Exhibits A,

8   B and C to Complaint in _Hoko v. Page_), and the purported guaranty

9   was given to "Ash Holding LTD" on September 22, 1987 (Exhibit D

10  to Complaint in _Hoko v. Page_). WIC has pled no facts which

11  contradict or show why WIC must not be bound by its assignment of

12  all rights of collection to Hoko under Article Fourteen of the

13  Master Lease between WIC and Hoko (Exhibit A-41, Complaint in

14  _Hoko v. WIC_).

15          This court should dismiss the WIC-Whitaker First Amended

16  Third Party Complaint because WIC's and Whitaker's liability to

17  Hoko is completely independent of any alleged liabilities of the

18  Page Firm or the five named individuals in the separate

19  transactions identified in _Hoko v. Page_. The liability (if any)

20  of the Page Firm or of the five named individuals does not depend

21  on a determination that WIC and Whitaker defaulted on their

22  Master Lease and sublease to Hoko as claimed in _Hoko v. WIC_. The

23  WIC-Whitaker Third Party Complaint should thus be dismissed under

24  F.R.C.P. Rule 14(a) for the same reasons which are stated in

25  _Stewart v. American Intern. Oil & Gas Co._ (9th Cir. 1988) 845

26  F.2d 196, 199-200:

27          [1] The district court dismissed Meridian's third-party
            complaint because it failed to meet Rule 14 pleading
28          requirements. **The district court found that the
            transaction which gave rise to the original complaint**

1      **and the transaction which gave rise to the third-party**
     **complaint were completely separate.** Also, the district
2      court ruled that **several of the allegations in the**
     **third-party complaint failed as a matter of law.** A
3      trial court must act within its sound discretion when
     determining whether a third-party defendant may be
4      impleaded under Rule 14. <u>United States v. One 1977</u>
     <u>Mercedes Benz</u>, 708 F.2d 444, 452 (9th Cir. 1983), cert.
5      denied, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217
     (1984). Thus, we review the district court's dismissal
6      of the third-party complaint for an abuse of that
     discretion. Id. Fed.R.Civ.P. 14(a) allows a defending
7      party to bring in as a third-party defendant "a person
     not a party to the action who is or may be liable to
8      him for all or part of the plaintiff's claim against
     him." **Thus, a third-party claim may be asserted only**
9      **when the third party's liability is in some way**
     **dependent on the outcome of the main claim and is**
10      **secondary or derivative thereto.** <u>One 1977 Mercedes</u>
     <u>Benz</u>, 708 F.2d at *200 452. As Professors Wright and
11      Miller explain: ... [the claim] cannot simply be an
     independent or related claim but must be based upon
12      plaintiff's claim against defendant. **The crucial**
     **characteristic of a Rule 14 claim is that defendant is**
13      **attempting to transfer to the third-party defendant the**
     **liability asserted against him by the original**
14      **plaintiff. The mere fact that the alleged third-party**
     **claim arises from the same transaction or set of facts**
15      **as the original claim is not enough.** 6 Fed. Prac. &
     Proc. S 1446 at 257 (1971 ed.). See also, 3 J. Moore,
16      Federal Practice, paragraphs 14.04-14.15. (**emphasis**
     **added**)

17

18      There is nothing pled in the WIC-Whitaker First Amended

19 Third Party Complaint which establishes that any financial

20 liability of the third party defendants is in any way "dependant

21 on the outcome of the main claim and is secondary or derivative

22 thereto." This means that there can be no Rule 14(a) third party

23 action against any of the named third party defendants.

24      Based upon the law cited above, the WIC-Whitaker "Third

25 Claim For Relief" (WIC First Amended Third Party Complaint, p.

26 11) seeking "indemnity" for alleged depletion of the vaguely

27 defined lease "Guarantee Fund" is a claim which is not being

28 pursued by Hoko against either WIC or Whitaker in <u>Hoko v. WIC</u>.

1  A review of the <u>Hoko v. WIC</u> complaint shows no mention of this

2  "Fund" as being a basis for money damage relief sought by Hoko

3  against WIC or Whitaker. Thus, there are no facts pled showing

4  that the "Third Claim For Relief" complies with the F.R.C.P Rule

5  14(a) requirement that the five named individuals either are *or*

6  *may be liable to the third-party plaintiff (WIC and Whitaker) for*

7  *all or part of the plaintiff's (Hoko's) claim against the*

8  *third-party plaintiff*" regarding the "Fund." Hoko is not making

9  any claim against WIC or Whitaker arising out of the lease

10  "Guaranty Fund," thus no third party claim can be made. The

11  liability of the third party defendants is not conditioned upon

12  the outcome of Hoko's claims against WIC-Whitaker in <u>Hoko v. WIC</u>.

13  Because WIC-Whitaker have failed to show a basis under

14  F.R.C.P Rule 14(a) for their joinder of the Page Firm and the

15  five named individuals, and because WIC-Whitaker have failed to

16  demonstrate a basis for an "indemnity" claim against the Third

17  Party Defendants (as discussed below), and because WIC-Whitaker

18  and the Page Firm and the five named individuals are all

19  California residents with no diversity of citizenship issues

20  raised between them, and with no federal questions raised between

21  them, this Court must additionally dismiss the WIC-Whitaker Third

22  Party Complaint against the moving parties for a lack of

23  jurisdiction. As stated in <u>General American Life Ins. Co. v. Rana</u>

24  (N.D.Cal. 1991) 769 F.Supp. 1121, the court found that the Third

25  Party Complaint did not meet the requirements of F.R.C.P Rule

26  14(a), that it did not state a claim for "indemnity", and there

27  was no diversity and federal question jurisdiction, at pages

28  1124-1125:

[4] In his third-party complaint, defendant has sought neither indemnification nor contribution from the third-party defendants for plaintiff's claims against defendant. **Nor does it appear from the complaint that defendant's claims against these third-party defendants are dependent upon the outcome of plaintiff's main claim against him. Therefore, the Court concludes that the third-party defendants have not been named pursuant to Rule 14(a).** [5] The only other possibility is that defendant seeks to join the third-party defendants as additional parties pursuant to Federal Rule of Civil Procedure 13(h). **In order to add parties under Rule 13(h), defendant must show that this Court has an independent jurisdictional basis for the assertion of federal jurisdiction over these parties.** <u>Danner v. Himmelfarb</u>, 858 F.2d 515, 522 (9th Cir. 1988); <u>Safeco Ins. Co. of America v. Guyton</u>, 692 F.2d 551, 555 & n. 5 (9th Cir. 1982). [FN3] [6] *1125 **To establish an independent basis for jurisdiction, defendant must establish diversity of citizenship between himself and the third-party defendants since he has not raised a federal question. Pursuant to 28 U.S.C. S 1332(a)(1), this Court has no independent basis for jurisdiction over the following California third-party defendants because there is no diversity of citizenship between the parties:** Abbott, Goldberg, Burr, Sanchez, McDonald, Oliver, Schneider, Bennett, and Imperial Savings Bank. Moreover, the Court does not address the issue of whether these third-party defendants are indispensable to this action under Federal Rule of Civil Procedure 19, because defendant has not raised this issue. [7] **Therefore, the Court grants plaintiff's motion to dismiss with regard to the above non-diverse third-party defendants.** (emphasis added)

## IV.

**THE FIRST AMENDED THIRD PARTY COMPLAINT FAILS TO STATE A VALID CLAIM FOR "INDEMNITY" AND MUST BE DISMISSED**

The underlying Complaint in <u>Hoko v. WIC</u> alleges that WIC breached a Master Lease with Hoko and that Whitaker breached a sublease with WIC, from which Hoko had the right to sue and collect the rent money through an assignment at paragraph 14 of the Master Lease (Exhibit A-41 to Complaint in <u>Hoko v. WIC</u>). The Whitaker-WIC sublease claims contain no facts as to how either the Page Firm or any of five named individuals have any liability for Whitaker's default on his own personal lease.

1  WIC and Whitaker vaguely claim in their First Amended Third

2  Party Complaint in <u>Hoko v. WIC</u> that the five named individuals

3  should "indemnify" them against WIC's and Whitaker's defaults on

4  their Master Lease and sublease.   Even if F.R.C.P. Rule 14(a)

5  allowed their First Amended Third Party Complaint (which it does

6  not), the First Amended Third Party Complaint would not state a

7  valid cause of action for "indemnity"  under California law and

8  should be dismissed under F.R.C.P. Rule 12(b)(6).

9      There can be no express or implied contractual indemnity

10  claim in this case because the WIC-Whitaker "indemnity" claims

11  are not based upon any alleged or claimed specific contract

12  between Third Party Plaintiff WIC-Whitaker and the Page Firm or

13  the five named individuals.  The <u>Hoko v. Page</u> complaint attaches

14  an office building lease contract between the Page Firm and an

15  entity called "Three-Fifty Ash, LTD, A California Limited

16  Partnership" (Exhibit A to <u>Hoko v. Page</u> complaint) and attaches

17  a purported guaranty between the five named individuals and an

18  entity called "Ash Holding, Ltd., a California Limited

19  Partnership" (Exhibit D to <u>Hoko v. Page</u> complaint); however,

20  neither of these written documents purports to be a contract

21  between Third Party Plaintiffs WIC and/or Whitaker and the Page

22  Firm or the five named individuals.  There can thus be no express

23  or implied "contractual indemnity" claim against the third party

24  defendants.  Even if there were such a claim, WIC assigned all of

25  its rights under the Page lease to Hoko as per Article Fourteen

26  of the Master Lease (Exhibit A-41, Complaint in <u>Hoko v. WIC</u>).

27      The WIC-Whitaker Third Party Complaint makes no "tort"

28  allegations against the Page Firm or against any of the five

1   named individuals, and thus cannot provide the basis for an
2   "equitable indemnity" claim which arises out of a tort claim
3   (i.e., personal injury, negligence or fraud). Further, the First
4   Amended Third Party Complaint fails to allege that either WIC or
5   Whitaker has either paid a settlement to Hoko or has become
6   liable to Hoko by way of a judgment, which is another pleading
7   requirement to be entitled to sue for "indemnity."

8       Due to the absence of any actual and specific contract or
9   tort allegations giving rise to "indemnity" claims, and the
10  absence of any pleading of any actual liability by way of
11  settlement or a judgment, the First Amended Third Complaint fails
12  to allege any factual or legal basis under applicable California
13  law for "indemnity" claims against the Page Firm or any of the
14  five named individuals.

15      This court is obligated to apply the substantive law of the
16  state where the federal court is located, Remington Investments,
17  Inc. v. Kadenacy (C.D.Cal., 1996) 930 F.Supp. 446, 448.  The
18  inability of WIC and Whitaker's Third Party Complaint to state a
19  claim for relief based upon "indemnity" is found in California
20  case law as stated in Maryland Cas. Co. v. Bailey & Sons, Inc.,
21  35 Cal.App.4th 856 (1995), at page 864:

22          [1][2][3] Indemnity means "the obligation resting on
            one party to make good a loss or damage another party
23          has incurred." (Rossmoor Sanitation, Inc. v. Pylon,
            Inc. (1975) 13 Cal.3d 622, 628, 119 Cal.Rptr. 449, 532
24          P.2d 97.)  An indemnitor is the party who is obligated
            to pay another.  An indemnitee is the party who is
25          entitled   to   receive   the   payment   from   the
            indemnitor.[4][5] An indemnity obligation arises from
26          two general sources. First, it may arise from "express
            contractual language establishing a duty in one party
27          to save another harmless upon the occurrence of
            specified circumstances." (E.L. White, Inc. v. City of
28          Huntington Beach (1978) 21 Cal.3d 497, 506, **524 146
            Cal.Rptr.  614,  579  P.2d  505.)   Courts  interpret

contractual indemnity provisions under the same rules governing other contracts, with a view to determining the actual intent of the parties. (<u>Myers Building Industries, Ltd. v. Interface Technology, Inc.</u> (1993) 13 Cal.App.4th 949, 968- 969, 17 Cal.Rptr.2d 242; <u>Ralph M. Parsons Co. v. Combustion Equipment Associates, Inc.</u> (1985) 172 Cal.App.3d 211, 221, 218 Cal.Rptr. 170.) [6][7][8] **Indemnity may also arise based on equitable considerations.** (<u>E.L. White, Inc. v. City of Huntington Beach, supra,</u> 21 Cal.3d at p. 507, 146 Cal.Rptr. 614, 579 P.2d 505.)   Unlike contractual indemnity which looks to the parties' intent, **equitable indemnification focuses on principles of fairness and justice and "is designed to apportion loss among tortfeasors in proportion to their relative culpability...."** (<u>Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Co.</u> (1991) 234 Cal.App.3d 1724, 1736, 286 Cal.Rptr. 435.) **(emphasis added)**

California law requires that to have standing to sue for an "equitable indemnity claim," the party suing must plead the payment of damages by way of settlement or by way of judgment (which WIC-Whitaker have not done and cannot do) as stated in <u>City of San Diego v. U.S. Gypsum Co.</u> (1994) 30 Cal.App.4th 575, 587-588:

Our Supreme Court has consistently ruled that **a cause of action for indemnity does not accrue until the indemnitee suffers loss through payment of an adverse judgment or settlement.** (<u>Valley Circle Estates v. VTN Consolidated, Inc.</u> (1983) 33 Cal.3d 604, 611, 659 P.2d 1160; <u>People ex. rel. Dept. of Transportation v. Superior Court</u> (1980) 26 Cal.3d 744, 748, 163 Cal.Rptr. 585, 608 P.2d 673.)  " 'The indemnity action ... *588 **accrues at the time the tort defendant pays a judgment or settlement as to which he is entitled to indemnity'....** [Citations.]" (<u>Valley Circle Estates v. VTN Consolidated, Inc.,</u> supra, 33 Cal.3d 604, 611, 189 Cal.Rptr. 871, 659 P.2d 1160.)  **There can be no indemnity without liability.** (<u>Munoz v. Davis</u> (1983) 141 Cal.App.3d 420, 425, 190 Cal.Rptr. 400.) Here City has not pleaded any loss suffered through settlement or satisfaction of judgment.  City also has admitted in a pretrial statement of damages that no damages "to date" arise from payment of third party claims or judgments. Thus, **City has not pleaded a valid claim for equitable indemnification.** [8] Moreover, no statute or regulation imposes joint liability on City and defendants for costs of managing or removing asbestos-containing material.  Unless the prospective indemnitor and

1    indemnitee are jointly and severally liable to the
     plaintiff, there is no basis for indemnification.
2    (Selma Pressure Treating Co. v. Osmose Wood Preserving
     Co., supra, 221 Cal.App.3d 1601, 1611-1613, 271
3    Cal.Rptr. 596; Munoz v. Davis, supra, 141 Cal.App.3d
     420, 425, 190 Cal.Rptr. 400.) (**emphasis added**)
4

5    A more recent case, Ranchwood Communities Ltd. Partnership v. Jim

6    Beat Const. Co. (1996) 49 Cal.App.4th 1397, 1416-1419, makes a

7    ruling similar to the above holding.

8         This concept of "ripeness" to file suit on a contractual

9    indemnity claim is also found in California Civil Code section

10   2778 which provides in pertinent part as follows:

11        **2778. Rules of interpretation**

12        RULES FOR INTERPRETING AGREEMENT OF INDEMNITY.  In the
          interpretation of a contract of indemnity, the
13        following rules are to be applied, unless a contrary
          intention appears:
14        1. Upon an indemnity against liability, expressly, or
          in other equivalent terms, **the person indemnified is**
15        **entitled to recover upon becoming liable;**
          2. Upon an indemnity against claims, or demands, or
16        damages, or costs, expressly, or in other equivalent
          terms, **the person indemnified is not entitled to**
17        **recover without payment thereof;**
          .  .  .  .  .  (**emphasis added**)
18

19        In Kim v. Fujikawa (9th Cir. 1989) 871 F.2d 1427, 1434, the

20   federal court found that a Third Party Complaint failed to state

21   a valid claim for "indemnity" as defined under state law and thus

22   ruled that ". . .the third-party complaint does not contain a

23   legally cognizable third-party claim under Rule 14(a), and the

24   district court's dismissal of the complaint is affirmed."  The

25   same result applies in this case.

26        WIC-Whitaker make a vague attempt at seeking declaratory

27   relief (First Amended Third Party Complaint, p. 10, ll. 18-19)

28   yet they have failed to show "ripeness" of any of their claims

1  and have failed to plead sufficient facts upon which a claim for

2  relief can be granted.   They have also failed to fulfill the

3  pleading obligations for "declaratory relief" as required in

4  Gemtel Corp. v. Community Redevelopment Agency of City of Los

5  Angeles (9th Cir. 1994) 23 F.3d 1542, 1545 and Wickland Oil

6  Terminals v. Asarco, Inc., (9th Cir. 1986) 792 F.2d 887, 893.

7

8                                  V.

9          **IF NO DISMISSAL, THEN THE ALTERNATIVE MOTION**
           **FOR MORE DEFINITE STATEMENT MUST BE GRANTED**

10         If the court does not grant the Page Firm's motions to

11  dismiss the First Amended Third Party Complaint, then the

12  alternative motion "for more definite statement" must be granted

13  because the pleading is vague and ambiguous, and improper under

14  F.R.C.P Rule 12(e), and fails to state a claim upon which any

15  legally recognized claim for indemnity can be made.    The

16  deficiencies in the First Amended Third Party Complaint have been

17  discussed above.

18

19                                 VI.

20  **THE FIRST AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED**
    **FOR FAILURE TO JOIN A NECESSARY PARTY.**

21         WIC-Whitaker cannot obtain proper and valid relief in this

22  action regarding its claims because it has failed to join

23  indispensable and necessary parties as required under F.R.C.P.

24  Rule 12(b)(6) and (7) and as required under F.R.C.P. Rule 19.

25  Those necessary parties required by F.R.C.P. Rule 19 are believed

26  to have been the original holders of the alleged personal

27  guaranty; namely, Three-Fifty Ash, Ltd. and Ash Holding, Ltd.

28  / / /

1    Rule 19 provides that a person "shall be joined as a party

2    in the action if (1) in the person's absence complete relief

3    cannot be accorded among those already parties, . . ."   Rule

4    19(b)  further provides that, in certain circumstances, the

5    complaint may be dismissed if the necessary party is not joined.

6    WIC-Whitaker needs "Ash Holdings" as a party to demonstrate

7    the alleged failure of consideration arising from the fact that

8    the guarantee was conditioned upon "Ash Holding" becoming the

9    landlord (Exhibit C-70 at first paragraph to Hoko's Complaint),

10   which never happened (see name of landlord as "Three-Fifty Ash"

11   in  Exhibit  A  lease  to  Hoko  complaint),  thus  voiding  the

12   guarantee.  Without these parties, it is clear that their absence

13   will result in an inability for this Court to fashion complete

14   relief to those persons who are already parties in this action.

15   To the extent that WIC-Whitaker choses not to, or refuses to add

16   these parties, then the amended third party complaint must be

17   dismissed.

18

19                              VII.

20            **THE IMMATERIAL STATEMENTS IN PARAGRAPHS**
              **21 AND 26 SHOULD BE STRICKEN.**

21   Paragraph 21 of the First Amended Third Party Complaint

22   defines Michael E. Busch, APC as part of the "Page Group."

23   However, Michael E. Busch, APC ceased to exist on December 31,

24   1993 when it was merged into the single professional corporation

25   known as Page, Polin, Busch & Boatwright, APC.

26   The Page Firm's motions to dismiss the original Third Party

27   Complaint filed on August 28, 1997 which was heard and taken

28   under submission on September 29, 1997, and the accompanying

1 Request for Judicial Notice demonstrates the nonexistence of
2 Michael E. Busch, APC.

3 The First Amended Third Party Complaint has deleted any
4 reference to Michael E. Busch, APC in its identification of
5 parties contained in paragraphs 1-21, except for incorrectly
6 identifying Michael E. Busch, APC as part of the "Page Group."
7 This oversight creates immaterial allegations and any reference
8 to Michael E. Busch, APC should be stricken from paragraph 21
9 under F.R.C.P. 12(f).

10 Paragraph 26 of the First Amended Third Party Complaint
11 contains allegations regarding the existence of a San Diego
12 Superior Court action entitled Hokojitsugyo v. [Page & Busch],
13 Case No. 711632. As can be seen from the dismissal attached to
14 the Request for Judicial Reference, this action has been
15 dismissed. Any reference to this action is immaterial and should
16 be stricken from paragraph 26 under F.R.C.P. 12(f).

17 VIII.

18 CONCLUSION.

19 The WIC-Whitaker First Amended Third Party Complaint against
20 the Page Firm and the five named individuals should be dismissed
21 under F.R.C.P. Rule 12(b)(6) because the pleading does not state
22 a valid claim to join the third party defendants under the
23 criteria of either F.R.C.P Rule 14(a) or Rule 13(h), and there
24 are no federal questions pled and there is no diversity of
25 citizenship pled which creates a failure of jurisdiction under
26 F.R.C.P. Rule 12(b)(1) and (b)(2).

27 The First Amended Third Party Complaint should also be
28 dismissed under F.R.C.P. Rule 12(b)(6) because it fails to state

1  either a factually specific contract claim for indemnity or a
2  tort claim for indemnity, and fails to plead facts showing any
3  actual financial loss which would provide standing to sue and
4  ripeness under applicable and prevailing California law.

5  No ripeness for declaratory relief can be shown because WIC-
6  Whitaker have failed to plead any facts showing their rights to
7  collect rents or to enforce alleged guarantees which appear to be
8  all assigned by WIC to Hoko in Article Fourteen of the WIC-Hoko
9  "Master Lease" (Exhibit A-41, Complaint, _Hoko v. WIC_).

10  If the court does not grant the Third Party Defendants'
11  motions to dismiss, then alternatively the court must grant their
12  motion for more definite statement under F.R.C.P. Rule 12(e)
13  because the pleading is vague and ambiguous as to how indemnity
14  claims can arise without a contract between the parties and
15  without any tort claim.

16  If the court does not grant the Third Party Defendants'
17  Motions to Dismiss, then alternatively, the Court must grant
18  their motion to strike portions of paragraphs 21 and 26 as
19  "immaterial" under F.R.C.P. 12(f).

20

21                                    Respectfully submitted,

22  DATED: November [  ], 1997         TURNER & MAASCH

23

24  By: _____
                                       John M. Turner
25                                     Attorneys   For   Third   Party
                                       Defendants Page, Tucker & Brooks
                                       and Page, Tucker, Brooks & Busch
26

27

28

                                    96CV1594